23951. GREEN et al. v. FULLER.

ALMAND, Presiding Justice. Mrs. Mary Green, acting through and by her guardian, Mrs. Annie Ruth McGhee, filed a petition for equitable relief against Mrs. Elsie Fuller. Plaintiff sought to enjoin the execution of the power of sale incorporated into a deed to secure a debt from her to the defendant and set aside said security deed alleging that she was without capacity to execute such a security deed, that the conveyance was without consideration and that her signature on the security deed was a forgery. Upon the return of the rule, the court entered an order restraining the defendant from exercising the power of sale in the security deed. De-

fendant filed demurrers and an answer and cross action which denied the plaintiff's allegations. Subsequently, the defendant made a motion to dissolve the restraining order alleging she was suffering irreparable damages in that the house located on the property covered by the security deed was vacant and deteriorating from vandalism and that the insurance on said house had been canceled because of its vacancy. The plaintiff answered this motion denying defendant's allegation. On the return of the rule and after the pleadings and certain affidavits were placed in evidence, the court ordered that the restraining order be continued in effect on the condition that plaintiff post a bond for a stated amount into the registry of the court by January 9, 1967, failure to post such bond to result in the dissolution of the restraining order. The plaintiff did not post the bond as required. On January 9, 1967, the plaintiff filed her notice of appeal and affidavit in forma pauperis, and the court ordered that the affidavit in forma pauperis operate as a supersedeas for appeal. On January 11, 1967, the court ordered that the previously granted supersedeas be vacated as of January 12, 1967. This appeal assigns error on the orders dissolving the temporary restraining order and vacating the previously granted supersedeas. *Held:*

1. "The granting and continuing of injunctions always rests in the sound discretion of the trial judge, according to the circuumstances of each case. *Code* § 55-108." *Loadman v. Davis,* 210 Ga. 520, 522 (81 SE2d 465). At a hearing on an interlocutory injunction in which the evidence is in conflict on material issues involved, there is no abuse of discretion for the trial judge to dissolve the temporary restraining order. *Dozier v. Mangham,* 215 Ga. 718 (113 SE2d 212). In the instant case at the hearing on the motion to dissolve, the evidence was conflicting on the material issues, and the court did not abuse its discretion in dissolving the temporary restraining order.

2. *Code Ann.* § 6-1003 (Ga. L. 1965, pp. 18, 23; 1966, p. 723) provides: "In all civil cases where the party taking an appeal files affidavit, stating that because of his poverty he is unable to pay costs or to post such supersedeas bond, if any, as may be required by the trial judge as hereinabove provided, the notice of appeal and affidavit in forma pauperis shall act as supersedeas. Any party at interest, or his agent or attorney,

may contest the truth of such pauper's affidavit by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the trial court under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." In the court's order vacating the previously granted supersedeas, it is stated that "the plaintiff's guardian then present, it was stated in open court that the plaintiff was not insolvent." This order clearly gives the basis upon which the court grounded its finding as to the ability of the plaintiff to pay costs or give bond. Thus, the court did not err in vacating its previously granted supersedeas.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1967—DECIDED MARCH 9, 1967.

*J. L. Jordan,* for appellants.
*T. Blake Jackson,* for appellee.