### 53237. FLEMING v. FLEMING et al.

DEEN, Presiding Judge.
This is an appeal from a judgment sustaining a garnishee's motion to quash summons of garnishment. An original affidavit, bond and summons of garnishment issued at the instance of Dollie Fleming on December 29,

1975, against St. Francis Hospital, employer of her former husband Charles Fleming based on a judgment for child support in their divorce proceedings. The garnishee paid certain funds into court on which a judgment was entered on March 4, 1976. A second summons was issued on the same affidavit (relying on former Code § 46-105, Ga. L. 1962, pp. 717, 718), a second sum paid in, and a second judgment entered. Both of these summons were served on the defendant Fleming. On April 29, 1976, the garnishee was served with the third summons, copy of which was not served on the defendant, and the motion to quash is directed to this instrument. *Held:*

1. In *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428), it was held that Georgia's post-garnishment law prior to the amendment in Ga. L. 1975, pp. 1291-1297, was unconstitutional. Provisions in this amendment for service on the defendant, preliminary hearing, and initial judicial supervision were there held to supply the deficiencies of the former law. However, the entire title was repealed in 1976 (Ga. L. 1976, pp. 1608-1629) and re-enacted. Thereafter, post-judgment garnishment as dealt with in that Act was struck down in *City Finance Co. v. Winston,* 238 Ga. 10, as constitutionally inadequate in failing to meet the requirements of judicial supervision and notice.

It is therefore clear that neither the 1976 Act, insofar as it relates to post-judgment garnishments, nor the pre-1975 enactments are viable methods of procedure. Nor do we need to decide whether the effect of *Winston* is to restore the post-judgment garnishment procedure outlined in the 1975 Act since the plaintiff failed to have a copy of the summons served on the defendant, and thus failed to comply with its essential provisions. The course followed by the plaintiff, unfortunately, was to track the 1976 Act in relation to the third summons and thereby fall afoul of constitutional threshold requirements. It is noted that even one of the dissenting Justices in the *Winston* case points out that where periodic alimony payments are sought to be collected they "perhaps require additional safeguards to the alleged debtor such as an opportunity to be heard on the correctness of the sums alleged to be in arrears." The motion to quash the summons was properly

sustained.

2. Although we have held the procedure here defective in that it followed the unconstitutional 1976 Act, we might mention that, even under that Act, the motion would not have been good, since the plaintiff failed in her affidavit to properly identify the judgment which formed the basis of the garnishment. A pleading styled "amendment to affidavit" sought to furnish this information, but is itself a nullity in that it is not sworn to. Since by definition an affidavit is a statement of fact confirmed by oath, it can in no event be enlarged or amended by adding other statements without verification.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1977 — DECIDED JANUARY 18, 1977.

*Ron S. Iddins,* for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Howell Hollis,* for appellees.