## 66654. HYMAN et al. v. LEATHERS.

DEEN, Presiding Judge.
This appeal follows the grant of a writ of possession to J. L. Leathers. Appellee obtained title to a house occupied by the Hymans through a foreclosure sale held on June 2, 1981. On June 23, 1981,

appellee filed dispossessory proceedings against the Hymans, contending they were tenants at sufferance. Immediately after this proceeding was filed, appellants obtained an ex parte restraining order in superior court and a month later an injunction was issued staying the dispossessory proceedings. Eighteen months later the superior court dissolved the injunction because "blatant misrepresentations were made to the court in presentation of evidence at the hearing," and the Hymans' failure to comply with the conditions of the restraining order. At trial, the court directed a verdict in favor of appellee and issued a writ of possession, and the Hymans appeal. Appellee sought to have appellants post a supersedeas bond and, after a hearing, the court ordered a $65,000 bond be posted. The following day the Hymans filed an affidavit of poverty which was traversed by appellee. The court held a hearing and found that appellants failed to carry their burden of proving poverty, dismissed their affidavit of poverty and ordered the writ of possession executed immediately. The Hymans filed a motion in this court seeking an order of supersedeas or an order overruling the effect of the trial court's action in requiring a $65,000 supersedeas bond. This motion is found in case no. 66413, and was denied March 21, 1983. They now bring this appeal, contending the trial court erred in granting a directed verdict.

1. Appellee has filed a motion to dismiss the Hymans' appeal for failure to post the supersedeas bond. The court below issued a writ of immediate possession because appellants failed to post the ordered bond.

Failure to file a supersedeas bond is not the basis for the dismissal of an appeal. Instead, it only removes the supersedeas feature of the appeal and leaves the appellee free to levy on his judgment, if he chooses to do so, at his peril. *Hubbard v. Farmers Bank,* 153 Ga. App. 497 (265 SE2d 845) (1980). Where a tenant fails to pay rent into the court and post a supersedeas bond as required by the lower court, that court can enter an order giving the landlord immediate possession. *Mitchell v. Excelsior Sales & Imports,* 243 Ga. 813 (256 SE2d 785) (1979). Appellee's motion is denied.

2. Appellants contend that the trial court erred in granting a directed verdict because issues of fact including questions of title, existence of a landlord/tenant relationship, and notice and propriety of the affidavit were issues of fact requiring resolution by a jury. (This latter assertion will be addressed separately below.)

As the superior courts have exclusive jurisdiction in cases respecting title to land, this issue could not be tried in state court. Ga. Constitution, Art. 6, Sec. 4, Par. 1 (Code Ann. § 2-3001). As to the claim that no landlord/tenant relationship was shown to exist, it is

well established that "[w]here the grantor, or his privy, in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy." *Lanier v. Dyer,* 112 Ga. App. 558 (145 SE2d 621) (1965). See also *Price v. Bloodworth,* 55 Ga. App. 268 (189 SE 925) (1937); *Collins v. Administrator of Veterans Affairs,* 156 Ga. App. 374 (274 SE2d 760) (1980); *Remy v. Citicorp &c. Financial Center,* 159 Ga. App. 726 (285 SE2d 76) (1981). A tenant cannot dispute the title of his landlord. *McKinney v. South Boston Savings Bank,* 156 Ga. App. 114 (274 SE2d 34) (1980); *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469 (186 SE 197) (1936); *Remy v. Citicorp &c.,* supra.

3. Appellants allege error in the trial court's ruling that Mr. Sutton Leathers, husband and agent of J. L. Leathers be permitted to file an amendment to the affidavit which was filed to initiate the dispossessory proceeding. A signature purporting to be that of J. L. Leathers appears on the signature line of the original affidavit and is followed by some initials. Beneath the line are the words "affiant" "agent or attorney." The word "attorney" is scratched out and the word "agent" is circled and has a line drawn through it. The word "affiant" is neither marked nor circled. Mr. Leathers testified that he was acting as his wife's agent in purchasing the property at the foreclosure sale and in taking steps to dispossess the Hymans. He admitted he signed his wife's name to the document and added his initials after it. Mrs. Leathers concurred in his testimony, and the court permitted the affidavit to be amended to show more clearly that Leathers executed the document on his wife's behalf.

OCGA § 9-10-13 (Code Ann. § 38-624) provides that affidavits are amendable to the same extent as ordinary pleadings. See also *Akers v. Kinney,* 73 Ga. App. 456 (36 SE2d 844) (1946). An affidavit, however, cannot be enlarged or amended by adding other statements without verification. *Fleming v. Fleming,* 141 Ga. App. 51 (232 SE2d 391) (1979). A defect in verification is amendable, *Crump v. Jordan,* 154 Ga. App. 503 (268 SE2d 787) (1980). It is also permissible for an affidavit to be made by the landlord's agent, *Johnson v. Thrower,* 117 Ga. 1007 (44 SE 846) (1903), and any technical defect in the landlord's affidavit, filed in support of the summons, is amendable. *McClindon v. Wright,* 160 Ga. App. 348 (287 SE2d 74) (1981). Appellants' contention that the amended affidavit was not sworn to is without merit. Mr. Leathers had been sworn as a witness at the hearing, signed the amendment to the affidavit in the presence of the trial judge, and the amendment was filed in open court.

4. Appellants also challenge the grant of a directed verdict because they claim they received no notice from appellee to surrender

possession of the property.

Under OCGA § 44-7-50 (Code Ann. § 61-301) a demand for possession is a condition precedent to the right of the landlord to dispossess the tenant. *Metro Mgt. Co. v. Parker,* 156 Ga. App. 686 (275 SE2d 827) (1980); *Housing Auth. v. Berryhill,* 146 Ga. App. 374 (246 SE2d 406) (1978). It is not necessary, however, to prove a demand where it appears that if the demand is made it would be refused. *RCH Corp. v. Southland Investment Corp.,* 122 Ga. App. 815 (178 SE2d 766) (1970); *Craig v. Day,* 92 Ga. App. 339 (88 SE2d 451) (1955); *Kenner v. Kenner,* 92 Ga. App. 851 (90 SE2d 33) (1955).

The evidence showed that Mr. Leathers went to inspect the property after the foreclosure sale and discovered that someone was obviously living in the house. He made several attempts prior to the filing of the dispossessory proceeding to personally demand possession, but no one was ever at home. The Hymans admit that they were aware of the impending foreclosure, knew the property had been advertised and made a trip to Florida to raise some money to forestall the foreclosure. Mrs. Hyman testified that they visited her mother in Florida between June 6-22, but claimed relatives were staying in the house during their absence. Seven days after the dispossessory action was filed, the Hymans sought an injunction in superior court which stayed the state court proceeding, and they remained in possession for eighteen months, until the injunction was dissolved. When asked if they would have surrendered possession pursuant to a demand, the Hymans both testified they would have consulted their attorney before making a decision, but Mr. Hyman expressed the opinion that he had better title than the appellee. Based on the evidence that appellants felt they had better title than appellee and their action in seeking an injunction, as well as their absence from the state prior to the filing of the dispossessory, the trial court would be authorized to find that a demand, if timely made, would have been futile.

5. In their final enumeration of error, appellants claim that the trial court erred in requiring them to post a $65,000 supersedeas bond because the amount was punitive in nature. Under OCGA § 5-6-46 (Code Ann. § 6-1002), the trial court has the discretion to determine the amount of the supersedeas bond when appellee files a motion requesting such a bond. In the present case, the trial court conducted a hearing before setting bond and later heard evidence on appellant's affidavit of poverty. The court's judgment as to a party's ability to pay costs or post bond is final. *Tootle v. Player,* 225 Ga. 431 (169 SE2d 340) (1969); *Green v. Fuller,* 223 Ga. 204 (154 SE2d 220) (1967). After examining the entire record in this case, we find that the trial court did not abuse its discretion in requiring a $65,000 bond to

cover costs, interest, and damages for delay, as provided in OCGA § 5-6-46 (Code Ann. § 6-1002).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 —

*William R. Hurst,* for appellants.
*Clifford Oxford, Robert J. Augustine,* for appellee.