### 77571. FIELDS et al. v. SMITH et al.
(378 SE2d 741)

BENHAM, Judge.

After appellees Smith filed a dispossessory action against appellants Fields, appellants filed a counterclaim seeking the return of $5,000 in goods and money paid by appellants to appellees pursuant to an option to purchase contained in the lease of residential property executed by the parties. This appeal was prompted by the trial court's entry of judgment in favor of appellees.

In their "Lease and Option to Purchase Agreement," the parties agreed that appellants had the option to purchase the property for $88,400, "payable as follows: (a) $1,000 cash at the execution of this Agreement; (b) [Appellants] to execute a Promissory Note in the amount of $4,000 . . . [Appellees] will hold a gun collection as collateral until this note is paid . . ." Appellants were also to assume the existing mortgage and pay the balance of the purchase price in cash at closing. "In the event [appellants] fail to notify [appellees] . . . of [their] intention to exercise the option contained herein, . . . all monies paid by [appellants] shall be considered rent and forfeited." It is undisputed that appellants failed to exercise the option to purchase. Appellants contend they are entitled to the return of their property and money paid pursuant to the option to purchase because the forfeiture provision of the contract is illegal and an unenforceable penalty.

". . . Georgia law . . . recognizes that the parties may agree in their contract to a sum to liquidate their damages. [OCGA §§ 13-6-1 and 13-6-7 provide]: 'Damages are given as compensation for the injury sustained [as a result of the breach of a contract]. If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some

principle of law, *the parties are bound thereby.*' In deciding whether a contract provision is enforceable as liquidated damages, the court makes a tripartite inquiry to determine if the following factors are present: First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss. [Cits.]" *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976).

The record in the case before us "fails to address any one of the three matters enumerated in *Southeastern* in order to rebut appellants' allegation that the [$5,000] sum was a penalty rather than liquidated damages." *Burns v. Gleason*, 183 Ga. App. 245 (1) (358 SE2d 646) (1987). "It follows that the record does not establish that the contractual provision in question constituted an enforceable liquidated damages provision . . ." *Thomas B. Hartley Constr. Co. v. Liberty Life Ins. Co.*, 187 Ga. App. 849, 850 (371 SE2d 657) (1988). In light of the dearth of evidence, the trial court erred in concluding the provision was not a penalty and in entering a judgment for appellees.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1989.

*Bailey Law Offices, Kirby G. Bailey*, for appellants.
*Ralph D. Vaughn*, for appellees.