A90A0652. JOYCE'S SUBMARINE SANDWICHES, INC. v. CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM.
(395 SE2d 257)

BIRDSONG, Judge.

Joyce's Submarine Sandwiches, Inc., (Joyce's) appeals from the award of past due rent and liquidated damages to the State of California Public Employees' Retirement System (the retirement system) after a bench trial in a dispossessory proceeding. Possession was earlier awarded to the retirement system by a consent judgment.

Joyce's is a franchisor of sandwich shops, and this dispute arises from the lease of a location for a franchise in a shopping mall owned by the retirement system. After Joyce's franchisee stopped paying rent and abandoned the property, the retirement system began dispossessory proceedings. Joyce's contended the lease was between its franchisee and the retirement system and therefore agreed to the consent judgment on possession, but disputed that Joyce's owed any past due rent or liquidated damages. The trial court, however, found that Joyce's was liable on the lease. That decision is not contested on appeal.

Instead, Joyce's contends the trial court erred by not finding the lease provision on liquidated damages was an unenforceable penalty; by admitting in evidence, over Joyce's best evidence rule objection, a photocopy of the lease; and by allowing the dispossessory affidavit to be enlarged by amendments which were not verified before trial. *Held*:

1. It is well settled that "[p]hotostatic copies are not best evidence and may not be admitted over objection without accounting for the original." *First Ga. Leasing v. First Ga. Bank*, 188 Ga. App. 847, 849 (374 SE2d 751). Our law, however, only requires that the original be accounted for before a copy may be admitted. OCGA § 24-5-4 (a). In this instance the original was accounted for and the record demonstrates that the trial judge did not abuse its discretion in admitting the photocopy in evidence in this bench trial.

2. Joyce's contends the lease provision for liquidated damages of $50 for every day the premises remained closed is an unenforceable penalty. The challenged clause provides, in essence, that the parties agreed that, because of the difficulty or impossibility of determining damages arising through the loss to the retirement system of anticipated percentage rent based on sales by Joyce's and other tenants or occupants in the whole shopping center, or by way of loss of value in the property because of adverse publicity or appearances from Joyce's actions, if Joyce's vacated, abandoned, or deserted the premises or ceased operating its business therein, and if the retirement system did not terminate the lease, in addition to all other remedies available, the retirement system would have the right to collect the minimum rent and additional rent owed and $50 per day, for each and every day the premises are not operated by Joyce's, and the $50 amount should be deemed liquidated damages in lieu of percentage rent that might have been earned by the landlord during the period.

The percentage rent referred to was a sum, in addition to the $2,166.66 minimum monthly rent on the premises, which the landlord was entitled to recover from all tenants in the shopping center based upon a tenant's gross sales. The amount of percentage rent was determined through a formula specified in the lease. In Joyce's case, the percentage rent was 10 percent of Joyce's gross sales in excess of $260,000 in gross annual sales and was payable monthly.

Georgia law allows parties to agree to liquidated damages in their contracts. OCGA §§ 13-6-1 and 13-6-7 provide that damages are given as compensation for injuries sustained as a result of breach of contract, and if parties agree in their contract what the damages shall be for a breach, unless the agreement violates some principle of law, they are bound by their agreement.

In deciding whether liquidated damages provisions are enforceable, courts must determine whether three requirements are met: First, is the injury caused by the breach difficult or impossible to estimate accurately; second, did the parties intend to provide for damages rather than for a penalty; and, third, is the stipulated sum a reasonable pre-estimate of the probable loss. *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340); *Fields v. Smith*, 190 Ga. App. 369-370 (378 SE2d 741). As the defaulting

party, Joyce's had the burden of showing that the lease provision was a penalty. *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222); *Daniels v. Johnson*, 191 Ga. App. 70, 71 (381 SE2d 87).

Joyce's contends that $50 per day is a penalty because a retirement system witness repeatedly termed it such in her testimony and therefore the parties must have intended the $50 per diem to be a penalty. Although testimony of one not a party to contract can be relevant, to the extent the witness took no part in the negotiations of the lease, and is not testifying about what the parties intended, it is less so. In this instance, the witness worked in the leasing office for the mall, and her testimony was directed toward the amount of past due rent and liquidated damages owed. While she repeatedly used the word "penalty" in referring to the amount claimed as liquidated damages, it is plain this was merely her own description, and not a reflection of the retirement system's intent. Accordingly, this argument is not persuasive. Further, the relevant period for consideration was when the lease was executed by the parties, not at trial. *Adams v. D & D Leasing Co.*, 191 Ga. App. 121 (381 SE2d 94).

Joyce's also argues that the damages caused by the breach were not difficult or impossible to estimate accurately because the lease contained a formula for calculating the percentage rent owed by Joyce's. This argument, however, disregards the fact that the liquidated damages called for in the lease were intended not only to compensate the retirement system for percentage rent lost from Joyce's but also for percentage rent lost from *all* other mall tenants as a result of Joyce's not operating. In the lease the parties recognized that success of the mall and all the tenants was dependent to some degree on all the tenants being open and operating, and that the percentage rent would be reduced if they were not. Moreover, it is clear that the actual amount of total percentage rent lost could only be proved with great difficulty, if at all, through the testimony of economists, accountants, or other expert witnesses, and that percentage rent lost would be difficult to prove since the loss might represent a diminished increase rather than an overall or individual loss. Therefore, since the injury to the percentage profits of the other tenants caused by Joyce's not operating and the resulting loss to the retirement system would be difficult or impossible to estimate accurately, we find that this requirement is also met. Further, expressing the liquidated damages on a per day basis does not require that we find them to be a penalty. *Mathis v. Rome Tractor Co.*, 180 Ga. App. 426 (349 SE2d 282).

We find that under the circumstances the $50 per day liquidated damages provided in the lease was a reasonable pre-estimate of the probable loss of percentage rent lost from Joyce's and all the other mall tenants. The lease in the record shows that the amount of liqui-

dated damages was adjusted to Joyce's circumstances since the figure was substituted for another higher figure previously typed there. Also, the record indicates that $50 per day liquidated damages would be a reasonable estimated loss when apportioned among the total tenants in a shopping center of this size. Thus, the trial court correctly found that the lease provided for liquidated damages and not a penalty. *Southeastern Land Fund v. Real Estate World*, supra; *Fields v. Smith*, supra. Moreover, the record shows that Joyce's presented no evidence on whether the injury caused was difficult or impossible to estimate accurately and whether the $50 per diem was a reasonable pre-estimate of the probable loss. Accordingly, Joyce's failed to meet its burden. *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, supra; *Daniels v. Johnson*, supra.

3. Joyce's also contends the trial court erred by permitting the dispossessory affidavit to be expanded by unverified amendments. See *Fleming v. Fleming*, 141 Ga. App. 51, 53 (232 SE2d 391). The failure to verify is an amendable defect (*Mellon Bank N.A. v. Coppage*, 243 Ga. 219 (253 SE2d 202)), and affidavits are amendable as other pleadings (*Hyman v. Leathers*, 168 Ga. App. 112 (308 SE2d 388)). Since there is no evidence that Joyce's prejudiced by permitting the affidavits to be amended, the trial court did not err by allowing the affidavit to be amended to add the verification (*Bandy v. Hosp. Auth. of Walker County*, 174 Ga. App. 556 (332 SE2d 46)), and the fact that the amendment was verified after the trial does not change this result (*Benson v. Sullivan*, 162 Ga. App. 829, 830 (293 SE2d 380)). See also *McClindon v. Wright*, 160 Ga. App. 348 (287 SE2d 74).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 25, 1990.

*Worthington & Flournoy, Thomas M. Flournoy, Jr.*, for appellant.

*Kelly, Denney, Pease & Allison, Ray L. Allison, Bradford C. Dodds*, for appellee.