A94A1391. WEST 80 INVESTORS et al. v. CHEQUERS
INVESTMENT ASSOCIATES.
(448 SE2d 735)

JOHNSON, Judge.

West 80 Investors ("West 80"), a Georgia general partnership, borrowed $1,885,000 from Great Southern Federal Savings Bank ("Great Southern") in 1985. In connection with the loan, a note was executed in favor of Great Southern secured by a motel located on

1.80 acres of real property. William N. Searcy and Robert A. Wynn were personal guarantors on the loan. The note and security deed were subsequently assigned to Chequers Investment Associates ("Chequers").

Following several notices of default, Chequers initiated non-judicial foreclosure proceedings, advertising the property in September 1993 for an October 5 sale. The parties began negotiations in an effort to avert the foreclosure, and on October 4, 1993, West 80 forwarded a workout proposal for restructuring the debt according to the following terms: 1) the original maturity date of the loan was extended; 2) West 80 would pay $250,000 past-due interest by 2:00 p.m. on October 5th; 3) rolling the remaining past-due interest into a reamortized principal balance; and 4) providing for monthly payment of interest at the rate of 11 percent per annum. The letter also made reference to the execution of "yet undisclosed loan modification documents which you (Chequers) contemplate utilizing." When West 80 refused to sign the loan modification documents, Chequers re-initiated foreclosure proceedings. West 80 applied for and was granted a temporary injunction, prohibiting advertising for a January sale date, but allowing Chequers to advertise for a February sale. On January 31, 1994, the court entered an order dissolving the injunction, finding that although there was adequate consideration to support a loan modification, the parties' explicit acknowledgment that new loan documents reflecting the restructuring of the terms of the loan were contemplated and that West 80's refusal to sign the documents clearly showed that there was no "meeting of the minds" with respect to its terms. West 80 directly appeals from the trial court's dissolution of the injunction.

This case was originally filed in the Supreme Court, which transferred it to this court. While the case facially involves injunctions, we construe the Supreme Court's remand as a ruling that the instant case involves no substantive issues of equity but rather seeks resolution of whether the October 4 letter constitutes an enforcable novation, a question sounding in contract law.[1] See *Pittman v. Harbin Clinic, P.A.*, 263 Ga. 66 (428 SE2d 328) (1993).

Appellants argue the trial court erred in dissolving the injunction because the parties had entered into an enforceable loan modification

---

[1] A grant or denial of a temporary injunction is directly appealable to the Supreme Court as a final judgment under OCGA § 5-6-34 (a) (4). See *Pizza Hut of America v. Kesler*, 254 Ga. 360 (1) (329 SE2d 133) (1985). An appeal from the *dissolution* of a temporary injunction is not included in these provisions. However, the trial court reached the core issue in this case, whether the October 4 letter constituted a novation. Therefore, it constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where no issue remains for resolution and leaves the parties with no final recourse in the trial court, making this case appropriate for consideration on direct appeal. See *Spring-U Bonding Co. v. State of Ga.*, 200 Ga. App. 533 (408 SE2d 831) (1991).

agreement which they had not breached. "If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement, even though the negotiations evidenced a complete willingness, or even an announced determination, to agree in the future upon such issues as might subsequently arise, it must follow that a valid and binding contract was not made as of the earlier date." (Punctuation omitted.) *Jackson v. Easters*, 190 Ga. App. 713, 714-715 (1) (379 SE2d 610) (1989). " ' "Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect." *Hartrampf v. Citizens & Southern &c.*, 157 Ga. App. 879, 881 (278 SE2d 750) (1981).' " *Bridges v. Reliance Trust Co.*, 205 Ga. App. 400, 401 (422 SE2d 277) (1992). West 80's refusal to sign the loan documents referenced in the October 4 letter, which it drafted, makes it clear that all of the material terms of the refinancing had not been agreed upon. If anything, West 80's refusal to sign the new loan documents belies its own argument that the terms of the October 4 letter represented a "meeting of the minds" on the terms of the loan. There having been no novation, the original loan remained the contract in effect between the parties. Being in default, Chequers was entitled to a dissolution of the injunction enabling it to proceed with non-judicial foreclosure and any other remedies available pursuant to the loan or at law.

Appellants rely on *Beller & Gould v. Lisenby*, 246 Ga. 15 (268 SE2d 611) (1980), and *Cohen v. William Goldberg &c.*, 202 Ga. App. 172 (413 SE2d 759) (1991), in support of their contention that not all terms must be specified before an enforceable agreement may be reached. These cases are factually distinguishable, however.

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case." OCGA § 9-5-8. On numerous occasions the Georgia Supreme Court has held that the exercise of discretion by the lower court in granting or continuing injunctions will not be interfered with on appeal absent manifest abuse. *Slautterback v. Intech Mgmt. Svcs.*, 247 Ga. 762 (a) (279 SE2d 701) (1981). The trial court did not abuse its discretion in finding the October 4 letter did not constitute a new contract and dissolving the temporary injunction.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

Decided September 8, 1994 —
Reconsideration denied September 20, 1994 —

*McCallar & Associates, C. James McCallar, Jr., Todd E. Schwartz, Brannen, Searcy & Smith, Daniel C. Cohen,* for appellants.

*Hunter, Maclean, Exley & Dunn, Marvin A. Fentress, Slutzky, Wolfe & Bailey, Ray S. Smith III,* for appellee.

