### S95A1820. GEORGIA POWER COMPANY v. HUNT.
(466 SE2d 846)

HINES, Justice.

Georgia Power seeks a mandatory injunction ordering Hunt to remove light poles which allegedly interfere with its rights under two easements. Granted in 1936 and 1939, the easements provide Georgia Power with a 200-foot right-of-way across a parcel of property formerly owned by Hunt. Georgia Power asserts that the poles create a dangerous condition likely to interfere with transmission lines.

On December 8, 1994, the trial court conducted an evidentiary hearing on the request for interlocutory injunctive relief. Three weeks later, Hunt transferred the property to a third party. Georgia Power did not move to join the transferee as a party defendant, nor did it seek to substitute the transferee for Hunt. On July 12, 1995, the trial court ordered that issues of fact be resolved by a jury before the court would determine whether or not Georgia Power was entitled to interlocutory relief.

Georgia Power appeals, asserting that the trial court's order constitutes a denial of its request for interlocutory injunctive relief. Hunt moves to dismiss on the grounds that the order from which Georgia Power appeals is not directly appealable pursuant to OCGA § 5-6-34 (a), and that the injunctive relief requested would be of no benefit to Georgia Power because he no longer owns an interest in the property.

1. The trial court's decision to defer ruling until a jury determines issues of fact *effectively* denies Georgia Power's request for interlocutory injunctive relief. It is *equivalent* to a refusal to grant an application for an interlocutory injunction, and is therefore directly appealable. OCGA § 5-6-34 (a) (4).

2. OCGA § 9-11-25 (c) provides for the automatic continuation of an action where an interest in the subject of the action is transferred:

> In case of any transfer of interest, the action may be continued by or against the original party unless the court, upon

motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

However, this Court has determined that this statute "does not determine what actions shall survive the . . . transfer of interest by a party; it deals only with the mechanics of substitution in an action which *does* survive under the applicable substantive law." *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6) (1981), quoting 3B Moore's Federal Practice 25.04[3] (1980). Consequently, in analyzing whether a case may be automatically continued by operation of OCGA § 9-11-25 (c), it must first be determined if the action is of the *type* which survives a transfer of interest.

Georgia Power notes that Rule 25 (c) of the Federal Rules of Civil Procedure is nearly identical to OCGA § 9-11-25 (c), and cites in support of continuing the action against Hunt, *Nat. Resources Defense Counsel v. Texaco Refining &c.*, 2 F3d 493 (3rd Cir. 1993), which involved a transfer of interest and application of the federal rule. In *Texaco* it was determined that "an injunction against the named party will bind all successors in interest and assigns." *Texaco*, supra at 506. However, in that case, the plaintiff sought a *prohibitive injunction* to prevent violations of a pollution discharge permit.

Here, Georgia Power seeks a *mandatory injunction* which, if granted, would require Hunt, as the named defendant, to enter the land of another and remove fixtures. In effect, the grant of this mandatory injunctive relief against Hunt, with respect to property he no longer owns, would be to order him to commit potentially unlawful acts. To apply OCGA § 9-11-25 (c) to result in such an untenable situation would violate the cardinal rule that a statute must not be construed to "result in unreasonable consequences and must square with common sense and sound reasoning." *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 593 (436 SE2d 219) (1993). OCGA § 9-11-25 (c) provides for the continuation of the action against the original party where a transfer of interest occurs, but requires that a party move to remove the transferor through substitution. Absent such a motion, the transferor remains a named party and thus bound by the judgment of the trial court, regardless of whether the real party in interest is likewise bound. Accordingly, this action which seeks to compel a party to do an affirmative act in regard to property in which he no longer holds an interest, may not be continued, absent substitution of parties as provided in OCGA § 9-11-25 (c). Since Georgia Power failed to move to substitute parties during the nearly seven months between transfer of the property and the trial court's decision, the action may not be continued against Hunt.

Georgia Power urges that unless it be allowed to continue this

action, Hunt could orchestrate a perpetual series of transfers designed to frustrate and indefinitely preclude a determination of this matter on the merits. However, such an allegation is mere speculation. Georgia Power has in no way established that Hunt's transfer of the property was fraudulent, or that any such scheme exists. Moreover, should Georgia Power institute an action against Hunt's transferee, who subsequently transfers the property, Georgia Power may move to substitute parties as provided in OCGA § 9-11-25 (c).

*Appeal dismissed. Hunstein, J., and Judge Albert Pickett concur; Sears, J., concurs specially; Benham, C. J., Fletcher, P. J., and Carley, J., dissent. Thompson, J., disqualified.*

SEARS, Justice, concurring specially.

I disagree with the holding in Division 1 of the majority opinion, and would dismiss the appeal on the ground that the order appealed by Georgia Power was not appealable under OCGA § 5-6-34 (a) (4). Because the majority dismisses the appeal on an unrelated basis, see Division 2 of the majority opinion, I specially concur in the judgment of dismissal. I note, however, that if the order in question were appealable under § 5-6-34 (a) (4), and if I were therefore to reach the merits of the issue on which the majority dismisses the appeal, I would join Justice Carley's dissent.

In Division 1, the majority holds that the trial court's "decision to defer ruling until a jury determines issues of fact *effectively* denies Georgia Power's request for interlocutory injunctive relief,"[1] and "is therefore directly appealable."[2] For the reasons that follow, I disagree with this holding.

The federal courts have addressed the issue raised by Division 1 on numerous occasions. Under 28 USC § 1292 (a), interlocutory orders "granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions" are appealable. Federal courts have interpreted this statute to mean that if an interlocutory order *expressly* grants or denies a request for injunctive relief, the losing party has a right to direct appeal, but that if the interlocutory order does not do so, the losing party only has the right to direct appeal if the litigant can show that the interlocutory order has the practical effect of granting or denying an injunction; that the interlocutory order might have serious, perhaps irreparable, consequences; and that the order can be effectively challenged only by immediate appeal.[3] These latter requirements are intended to preserve

---

[1] Majority opinion at 331.
[2] Id.
[3] See, e.g., *Carson v. American Brands*, 450 U. S. 79, 84 (101 SC 993, 67 LE2d 59) (1981); *Morgenstern v. Wilson*, 29 F3d 1291, 1294-1295 (8th Cir. 1994); *Mitsubishi Intl.*

the limited exception to the final judgment rule created by 28 USC § 1292 (a) and to further the general policy against piecemeal appellate review.[4]

I would adopt this analysis for appeals under OCGA § 5-6-34 (a) (4). Thus, in this case, as the trial court's order providing that issues of fact would be presented to a jury did not expressly deny Georgia Power's request for an injunction, I would hold that Georgia Power must satisfy the three requirements set forth above to obtain the right to an immediate appeal. Further, I do not believe that Georgia Power can meet these requirements, and I would therefore dismiss the appeal.

CARLEY, Justice, dissenting.

In this case, Georgia Power Company (Georgia Power) sought injunctive relief as to the removal of light poles which allegedly interfered with its easements across property owned by George Hunt. Georgia Power moved for an interlocutory injunction and, after the hearing, Hunt transferred his property to a third party. Thereafter, Georgia Power neither moved to join the transferee as a party-defendant nor moved to substitute the transferee as the party-defendant. When the trial court subsequently deferred its ruling on the motion for an interlocutory injunction until issues of fact were resolved by a jury, Georgia Power filed this direct appeal. The majority holds that the trial court's order is directly appealable, but nevertheless concludes that Georgia Power's appeal must be dismissed because of Hunt's transfer of the property. I agree with the majority that the trial court's order is directly appealable, but I cannot concur with the dismissal of the appeal on the basis of the transfer of the property.

OCGA § 9-11-25 (c) provides that,

[i]n the case of any transfer of interest, the action may be continued by or against the original party unless the court, upon motion, directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

As the majority correctly notes, this statute does not control what actions survive a transfer, but deals only with the applicable procedure

Corp. v. Cardinal Textile Sales, 14 F3d 1507, 1515-1516 (11th Cir. 1994); MAI Basic Four, Inc. v. Basis, Inc., 962 F2d 978, 981-982 (10th Cir. 1992); Sherri A.D. v. Kirby, 975 F2d 193, 203 (5th Cir. 1992); United States v. Bayshore Assoc., 934 F2d 1391, 1395-1396 (6th Cir. 1991); Rolo v. General Dev. Corp., 949 F2d 695, 702-703 (3rd Cir. 1991); Cohen v. Bd. of Trustees, 867 F2d 1455, 1466 (3rd Cir. 1989); Donovan v. Robbins, 752 F2d 1170, 1173-1174 (7th Cir. 1985); Cable Holdings of Battlefield v. Cooke, 764 F2d 1466, 1471 (11th Cir. 1985).
    [4] E.g., Carson, 450 U. S. at 84.

in an action which, under substantive law, does otherwise survive a transfer. *Goodyear v. Trust Co. Bank*, 248 Ga. 407, 408 (284 SE2d 6) (1981). Accordingly, the determinative issue is whether Georgia Power's action survives the transfer by Hunt. If it does, OCGA § 9-11-25 authorizes the post-transfer continuation of the action.

It is clear that a plaintiff's claim which is predicated upon his status as a landowner will not survive the transfer of his interest in the property. In that circumstance, the plaintiff divests himself of standing to pursue a claim in his capacity as a landowner and the claim will be rendered moot by the transfer. *Goodyear v. Trust Co. Bank*, 247 Ga. 281, 284 (1) (276 SE2d 30) (1981). Here, however, Georgia Power is the plaintiff and it has not transferred its easements. Rather, the only transfer was accomplished by Hunt, who occupies the status of the defendant. Clearly, Georgia Power should not be deemed to have lost its standing to seek removal of an interference with its untransferred easements, simply because Hunt has transferred his interest in the underlying fee. To hold that survival of the plaintiff's claim is dependent upon the defendant's transfer of his or her interest would mean that the defendant has absolute control over the litigation and can manipulate the plaintiff and the courts at will. The defendant can freely transfer his interest, thereby "mooting" the plaintiff's claim, and then freely take a retransfer of interest in the property.

The majority does not address the survival of Georgia Power's claim, but holds that dismissal is warranted because, in the event that Georgia Power should win on the merits, the effect of granting "injunctive relief against Hunt, with respect to property he no longer owns, would be to order him to commit potentially unlawful acts." This is clearly erroneous. Georgia Power could have moved to substitute Hunt's transferee as the defendant in the action. If, however, Georgia Power's claim survives Hunt's transfer, the failure to have sought a post-transfer substitution is immaterial.

> The most significant feature of Rule 25 (c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named.

Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1958, p. 555. Thus, requiring Hunt to remove the light poles will not be tantamount to ordering him "to commit potentially unlawful acts," since the transferee, being bound by the judgment against Hunt, cannot maintain the continued unauthorized interference with Georgia Power's easements.

The majority also holds that dismissal is warranted because Georgia Power "has in no way established that Hunt's transfer of the property was fraudulent. . . ." However, there is no need for Georgia Power to make such a specific showing. Our General Assembly, through enactment of OCGA § 9-11-25 (c), has already made the policy determination that the potential for a fraudulent transfer mandates a general procedure whereby any and all actions which survive a transfer can be continued by or against the original party "unless the court, upon motion," orders the transferee to be substituted or joined. Thus, to derive the benefit of OCGA § 9-11-25 (c), Georgia Power need show only that its claim for removal of the lightpoles survived Hunt's transfer. Since that showing has been made and the majority cites no authority to the contrary, I must respectfully dissent to the dismissal of Georgia Power's appeal.

I am authorized to state that Chief Justice Benham and Presiding Justice Fletcher join in this dissent.

DECIDED FEBRUARY 12, 1996 —
RECONSIDERATION DENIED MARCH 7, 1996.

*Reinhardt, Whitley & Wilmot, John R. Reinhardt, Troutman Sanders, Donald W. Janney,* for appellant.
*Allen, Kelley & Sowell, Roy B. Allen, Jr.,* for appellee.