**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 9, 2013**

# In the Court of Appeals of Georgia

A12A2259. NATIONAL HILLS EXCHANGE, LLC et al. v.
THOMPSON et al.

ANDREWS, Presiding Judge.

Donald Thompson and Windsor Jewelers, LLC ("Windsor") filed a petition for a restraining order against National Hills, LLC, then the owner of a shopping center opposite the Augusta National Golf Club. Windsor sought to enjoin National Hills' closure of the back entrance of the shopping center contrary to a 2004 easement which it retained upon selling its interest in the shopping center but continuing business operations upon an out-parcel thereof. Following a hearing, the trial court ordered that the current owner of the shopping center and its parent company, NHEP, LLC and 2701 Partners, LLC, respectively, be joined in the case as defendants.[1]

---

[1] The trial court ordered that the additional defendants be joined in the case upon finding that a manager member of 2701 Partners, LLC had participated in the

Further, the trial court granted Windsor a temporary restraining order *not to expire in 30 days* which required that the back entrance to the shopping center be opened instanter and directed that no appeal should act as a supersedeas.

National Hills, LLC, NHEP, LLC, and 2701 Partners, LLC ("National Hills") filed an application for discretionary appeal, which application this Court granted pursuant to OCGA § 5-6-35 (j), finding that the trial court's order extending a temporary restraining order beyond 30 days, in effect, granted a directly appealable preliminary injunction. OCGA § 9-11-65 (b) (a temporary restraining order "shall expire by its terms within such time after entry, *not to exceed 30 days*, as the court fixes. . . ." (emphasis supplied); see also *Matrix Financial Svcs. v. Dean*, 288 Ga. App. 666, n. 1 (655 SE2d 290) (2007) (trial court order indefinitely extending a temporary restraining order "is the equivalent of a judgment granting an interlocutory injunction and is directly appealable"). National Hills appeals, contending that the trial court erred in construing the easement at issue beyond its scope "in violation of established principles of Georgia law." Finding that the plain meaning of the 2004 easement is clear and unambiguous, we affirm.

---

decision to close the gate at issue when serving as a manager member of the former National Hills, LLC.

"The construction, interpretation and legal effect of a contract such as an easement is an issue of law, which is subject to de novo review. (Citations, footnote, and punctuation omitted.) *Parris Props., LLC v. Nichols*, 305 Ga. App. 734, 735 (1) (700 SE2d 848) (2010). "The normal rules of contract construction apply, and absent ambiguity that cannot be resolved by applying the rules of contract construction, the contract remains a question of law." (Citation and punctuation omitted.) *Huckaby v. Cheatham*, 272 Ga. App. 746, 750-751 (1) (612 SE2d 810) (2005). "The first rule of contract construction is to determine the parties' intent, and if the language is clear the contract shall be enforced according to its clear terms. In fact, no construction is even permitted when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation." (Footnote and punctuation omitted.) *Longstreet v. Decker*, 312 Ga. App. 1, 3 (1) (717 SE2d 513) (2011). If the plain language is ambiguous, however, the contract is interpreted in accordance with the rules set forth in OCGA § 13-2-2 to resolve the ambiguity. *McGuire Holdings, LLLP v. TSQ Partners, LLC*, 290 Ga. App. 595, 602 (2) (b) (660 SE2d 397) (2008). And "[i]f after doing so the ambiguity still remains, the jury or other factfinder must resolve the ambiguity." (Footnote omitted.) Id.

The 2004 easement at issue provided the following: "Ingress/egress to the shopping center light through all existing access points will be guaranteed for the employees and customers of 2635 Washington Rd.[,now Windsor]."

Relying heavily on the plat attached to the 2004 easement, National Hills argues that the easement retained by Windsor provided no more than a route to and from the store to the traffic light for the benefit of its employees and customers and that the trial court's expansion of the easement to include access to its store from the back gate of the shopping center was contrary to Georgia law. We disagree.

Initially, we point out that the plat attached to and recorded with the 2004 easement was not the plat of the shopping center on which Windsor retained its easement. Such plat showed on its face only an ingress/egress and parking easement benefitting Windsor. Rather, the record shows that Windsor retained the easement in issue on the basis of a plat of the shopping center as a whole, admitted in evidence below without objection, and showing seven access points, among them the blocked north gate access point and that at the traffic light on the southern side of the shopping center. The record also shows that upon selling its interest in the shopping center for substantial consideration, Windsor's intent was to ensure ready access by back roads to the shopping center for its employees and approximately 500 customers

4

living in a residential subdivision beyond the blocked north gate – this to avoid heavy traffic on the road on which the traffic light was located. Clearly, the plain language of the 2004 easement effectuated this purpose insofar as it insured ingress/egress for its employers and customers "through"[2] all shopping center access points "to the traffic light" on the busy roadway.

"[W]hen addressing the express grant of easements of ingress and egress, Georgia case law provides, where there is no indication to the contrary, that 'reasonable enjoyment of the easement' means 'full enjoyment' of the ingress and egress easement." (Citations and punctuation omitted; emphasis in original.) *Huckaby*, supra, 272 Ga. App. at 746, 750 (1). There is no showing of record as to why Windsor is not entitled to full enjoyment of the 2004 easement from the back road north side of the shopping center to the traffic light on the busy thoroughfare to its south.

The trial court properly entered its order directing that the north entrance to the shopping center be opened instanter.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*

---

[2] "Through" is a preposition meaning "from one end . . . to the other . . . ." Webster's Third New International Dictionary (1981).

5