**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 20, 2013**

# In the Court of Appeals of Georgia

A13A0279.  MORGAN  v.  U.  S.  BANK  NATIONAL ASSOCIATION.

MCFADDEN, Judge.

Francis J. Morgan appeals pro se from the trial court's order dissolving a temporary restraining order and allowing U. S. Bank National Association (in its capacity as Trustee for the C-Bass Mortgage Loan Asset-Backed Certificates Series 2006-CB5) to foreclose on Morgan's house. Because the trial court did not abuse its discretion in declining to consider at the hearing on injunctive relief other claims raised by Morgan in an amended complaint, and did not abuse its discretion in requiring, as a condition for extending injunctive relief, that Morgan place into escrow an amount of money reflecting past-due payments on his mortgage, we affirm.

1. *Facts and procedural posture.*

The evidence is undisputed that Morgan obtained a mortgage on his house and subsequently stopped making payments on that mortgage. He did so because he concluded that the note had become "void or voidable" due to a "failure of conveyance," apparently referring to an assignment that he alleged was improper. After being notified that U. S. Bank intended to foreclose on the house, Morgan filed a pro se action against U. S. Bank styled "Complaint for Fraud and Request for Temporary Restraining Order." Therein, he asserted that U. S. Bank had no standing to foreclose because it was not the holder of either the note or deed securing the debt on the property, sought further discovery into "U. S. Bank's actions," and sought to enjoin the foreclosure. The same day that Morgan filed the complaint, the trial court granted him a temporary restraining order and directed the parties to appear for a hearing on the complaint the following month. Shortly before the scheduled hearing, Morgan filed an amended complaint in which he alleged additional causes of action and sought damages, declaratory relief, and further injunctive relief.

The trial court conducted a hearing on July 2, 2012, to determine "whether the TRO is going to be made permanent or not." The trial court expressly did not consider other issues raised in the amended complaint, noting that U. S. Bank had not yet received a copy of that pleading. At the hearing, Morgan presented testimony and

2

argued that, although he stopped making payments on his mortgage, questions existed about whether U. S. Bank was the entity to which he owed those payments and whether he was presently indebted to any entity at all. The trial court indicated his willingness to grant Morgan injunctive relief from the foreclosure if he placed into the court registry an amount of money covering the past-due payments on the mortgage. Morgan declined to do so. The trial court then ruled from the bench that he was "going to dissolve the temporary restraining order and let U. S. Bank proceed," noting that the law "d[id] not favor" Morgan's contention that U. S. Bank lacked standing to pursue payments under the note.

On July 13, the trial court entered a written order dissolving the temporary restraining order and allowing U. S. Bank to proceed with the foreclosure. (U. S. Bank's counsel prepared this order and in its appellate brief characterizes the order as "grant[ing] U. S. Bank's motion to dismiss" Morgan's complaint. The record reflects, however, that U. S. Bank did not move to dismiss the complaint until July 27, 2012, after the trial court issued its order. And although the order is styled "Order of Dismissal with Prejudice," by its terms it neither rules on a motion to dismiss nor dismisses Morgan's action sua sponte. ) Morgan appeals.

2. *Appellate jurisdiction.*

3

As an initial matter, we must address our duty to inquire into our jurisdiction to entertain each appeal. See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). As detailed below, OCGA § 5-6-34 (a) (4) permits Morgan's direct appeal from the July 13 order.

The order on appeal dissolved a previously-granted temporary restraining order. It followed a hearing at which the trial court heard evidence on whether to extend the injunctive relief sought by Morgan. See generally OCGA § 9-11-65 (b) (setting forth procedure by which court conducts hearing to determine whether either to dissolve previously-entered ex parte temporary restraining order or to grant interlocutory injunction). As such, the order's function and substance was to deny Morgan interlocutory injunctive relief pending the litigation of the various claims raised in his complaint and amended complaint. See *Hughey v. Gwinnett County*, 278 Ga. 740, 741 (1) (609 SE2d 324) (2004) (when determining whether order is directly appealable, we consider its function and substance rather than its nomenclature). Accordingly, the order fell under OCGA § 5-6-34 (a) (4), which permits a party to directly appeal from "[a]ll judgments or orders granting or refusing applications . . . for interlocutory or final injunctions." See *Georgia Power Co. v. Hunt*, 266 Ga. 331 (1) (466 SE2d 846) (1996) (where trial court's decision effectively denied party's

4

request for interlocutory injunctive relief, it was the equivalent to a refusal to grant an interlocutory injunction application and was therefore directly appealable under OCGA § 5-6-34 (a) (4)); *Spell v. Blalock*, 243 Ga. 459, 460-461 (1) (254 SE2d 842) (1979) (trial court's ruling on whether to continue a restraining order was directly appealable under predecessor to OCGA § 5-6-34 as an exception to the doctrine of finality of judgment); *Nat. Hills Exchange v. Thompson*, 319 Ga. App. 777-778 (736 SE2d 480) (2013) (trial court's order extending temporary restraining order in effect granted directly appealable preliminary injunction); see also *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998) (order granting temporary restraining order is directly appealable where it is entered after a lengthy adversary hearing and effectively grants the plaintiff all of the relief sought). But see *West 80 Investors v. Chequers Investment Assoc.*, 214 Ga. App. 673, 674 n. 1 (448 SE2d 735) (1994) (noting in dicta that order dissolving temporary injunction generally did not fall within provisions of OCGA § 5-6-34 (a) (4), but nevertheless finding appellate jurisdiction over such order because "the trial court reached the core issue in th[e] case," rendering the order a final, appealable judgment).

3. *Dissolution of the temporary restraining order.*

5

As discussed above, the trial court's dissolution of the temporary restraining order effectively denied Morgan's application for further injunctive relief. "The granting and continuing of injunctions shall always rest in the sound discretion of the judge[.]" OCGA § 9-5-8; see *Byelick v. Michel Herbelin USA*, 275 Ga. 505, 506 (1) (570 SE2d 307) (2002). Morgan's only enumerations of error are that the trial court failed to consider the allegations of his amended complaint in deciding whether to extend injunctive relief, and that the court required him to pay into the court registry the amount of his past-due mortgage payments as a condition of a continued injunction. We find no merit in either claim.

(a) *Amended complaint.* Although Morgan argues that the trial court should have considered the allegations of his amended complaint at the hearing, as the trial court noted, the issue before it at that point was limited to whether to continue the injunctive relief provided in the temporary restraining order. And it is clear from the record both that Morgan had the opportunity at the hearing to present evidence and argument pertaining to his request for continuing injunctive relief, and that the trial court has not yet addressed the other issues that Morgan raised in the amended complaint. Indeed, the record contains pleadings, filed after the trial court's ruling denying further injunctive relief, that address the other issues raised in the amended

complaint. We find no abuse of discretion in the trial court's decision not to consider the amended complaint in ruling on whether to continue injunctive relief.

(b) *Payment to court registry.* At the hearing, Morgan admitted that he had borrowed money against his house and then stopped making payments on the mortgage. Although Morgan disputed his obligation to make the past-due payments, the trial court did not abuse its discretion in requiring him to place money to satisfy those payments into the court registry as a condition for granting injunctive relief pending resolution of the claims raised in his complaint and amended complaint. See generally *Green v. Fuller*, 223 Ga. 204, 205 (1) (154 SE2d 220) (1967) (finding no abuse of discretion in trial court's dissolution of temporary restraining order, which had enjoined the execution of a power of sale in a deed to secure debt, where the party seeking continued injunctive relief failed to post a bond for the disputed amount into the court registry and conflicting evidence was presented on the material issues in the case).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*