# Court of Appeals
# of the State of Georgia

ATLANTA,  April 25, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0338. MICHAEL MANTRAIL DANIELS v. CITY OF ATLANTA.**

Michael Mantrail Daniels filed a petition for a temporary restraining order, preliminary injunction, and permanent injunction to prevent the demolition of real property condemned by the City of Atlanta. The trial court entered a "Final Order Denying [Daniels's] Motion for Temporary Restraining Order," in which it ordered that the City could move forward with demolition and directed the clerk to close the case. Daniels has filed this timely application for discretionary appeal from that order.

An order granting or denying a motion for an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4). See *Jones v. Peach Trader*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017). Although the trial court nominally only addressed Daniels's request for a temporary restraining order, "there is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name." *Dolinger v. Driver*, 269 Ga. 141, 142 (1) (498 SE2d 252) (1998). A ruling that effectively denies a request for injunctive relief "is equivalent to a refusal to grant an application for an interlocutory injunction, and is therefore directly appealable." *Ga. Power Co. v. Hunt*, 266 Ga. 331, 331 (1) (466 SE2d 846) (1996) (emphasis omitted); see *Morgan v. U.S. Bank Nat. Assn.*, 322 Ga. App. 357, 359 (2) (745 SE2d 290)(2013) (holding that a party was entitled to a direct appeal from a trial court's order dissolving a previously-granted temporary restraining order because "the order's function and substance was to deny . . . interlocutory injunctive relief"). Here, the trial court's order effectively denied Daniels's request for an interlocutory injunction because it ordered that the City could continue the demolition and directed

the clerk to close the case. The order is thus subject to direct appeal as an order denying an interlocutory injunction. See OCGA § 5-6-34 (a) (4).

Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. Daniels shall have ten days from the date of this order to file a notice of appeal in the trial court if he has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* ___04/25/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*