## A99A1415. AAA TRUCK SALES, INC. v. MERSHON TRACTOR COMPANY.
### (521 SE2d 403)

RUFFIN, Judge.

Third-party defendant AAA Truck Sales, Inc. (AAA) appeals the trial court's denial of its motion for summary judgment on the third-party complaint of Mershon Tractor Company (Mershon). For reasons that follow, we reverse.

As our Supreme Court has held,

> [t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the denial of a motion for summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Carter v. Moody*, 236 Ga. App. 262, 263 (511 SE2d 520) (1999).

So viewed, the evidence shows that Mershon purchased a 1982 truck from AAA on February 15, 1988. Mershon sold the truck to Trans Power, Inc., on April 11, 1994. Trans Power later discovered that the truck had been stolen in Texas prior to its purchase and demanded a refund from Mershon. When Mershon refused, Trans Power sued it for breach of warranty of title. Mershon obtained leave of court to bring a third-party complaint against AAA for breach of warranty of title, alleging that AAA was liable to Mershon for the claim brought against it by Trans Power.

AAA sought summary judgment on the third-party complaint, arguing that Mershon's claim was barred by the applicable statute of limitation. In support of its motion for summary judgment, AAA sub-

mitted the affidavit of its vice-president, J. Wayne Smith, who averred that AAA had no knowledge until after September 12, 1994, that the truck had previously been stolen or that there was any problem with the title. Mershon then filed an amendment to its third-party complaint adding a claim for fraud. The new claim alleged that AAA affirmatively represented to Mershon that it had good and merchantable title to the truck despite having actual knowledge that the truck was stolen. In response to AAA's summary judgment motion, Mershon argued that the alleged fraud tolled the statute of limitation until Mershon first learned in 1994 that the truck was stolen. Mershon did not submit any evidence in response to the summary judgment motion. After Mershon added its fraud claim, AAA filed a supplemental summary judgment brief pointing out Mershon's failure to present evidence of fraud. The trial court denied AAA's motion, and we granted AAA's application for interlocutory appeal.[1]

1. The parties agree that the statute of limitation applicable to Mershon's breach of warranty claim is contained in OCGA § 11-2-725, which provides, in pertinent part, that

> [a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . . A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.

OCGA § 11-2-725 (1) and (2); see also *Embryo Progeny Assoc. v. Lovana Farms*, 203 Ga. App. 447, 449 (1) (416 SE2d 833) (1992) (limitation period in § 11-2-725 governs claims for breach of contract for sale of goods). Although the parties do not address it, the limitation period applicable to Mershon's fraud claim also is four years, pursuant to OCGA § 9-3-31. See *Shapiro v. Southern Can Co.*, 185 Ga. App. 677 (365 SE2d 518) (1988). Mershon purchased the truck in 1988 and filed its third-party complaint in 1995, well beyond the limitation period. However, if AAA is guilty of "a fraud by which [Mershon] has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of [Mershon's] discovery of the fraud." OCGA § 9-3-96. Mershon bears the burden of establishing the existence of any facts which would toll the statute of limitation. *Edmonds v. Bates*, 178 Ga. App. 69, 72 (342 SE2d 476) (1986).

Mershon argues that AAA's alleged misrepresentation that it had good and merchantable title to the truck tolled the limitation

---

[1] Trans Power's claims against Mershon have been resolved, leaving only the third-party claims in the case.

period until 1994, when Mershon learned the truck had been stolen. We agree with AAA, however, that Mershon has failed to satisfy its summary judgment burden of coming forward with evidence to support its allegations of fraud. AAA submitted an affidavit stating that it had no knowledge until 1994 — five years after the sale to Mershon — that the truck had been stolen or that there was any problem with the title. To avoid summary judgment, Mershon could not merely rest on its pleadings but was required to present some evidence of actual fraud. *Wilson v. Phillips*, 230 Ga. App. 290, 291 (495 SE2d 904) (1998); *Jim Walter Corp. v. Ward*, 245 Ga. 355, 357 (265 SE2d 7) (1980). Because Mershon failed to present any such evidence, the statute of limitation on Mershon's claims is not tolled, and the trial court should have granted summary judgment to AAA on the third-party complaint. See *Lau's Corp.*, supra. We therefore reverse.

2. Mershon argues that it was not required to submit any evidence of fraud because it filed the amendment containing the fraud claim *after* AAA filed its motion for summary judgment. To the extent that Mershon argues that AAA never sought summary judgment on the fraud claim, as opposed to the warranty claim, the record indicates otherwise.[2] AAA's motion sought summary judgment "as to [Mershon's] third-party complaint," contending generally that "there are no genuine issues as to any material fact, and [AAA] is entitled to summary judgment as a matter of law." In a clear attempt to avoid the limitation problem, Mershon amended its third-party complaint to allege fraud, but presented no evidence that AAA *did*, in fact, know at the time of the sale that the vehicle had been stolen. AAA then filed a supplemental brief in support of its motion for summary judgment, pointing out Mershon's failure to contradict Smith's affidavit or to present any other evidence of fraud. That this pleading was styled as a supplemental brief rather than an amendment to the motion for summary judgment is of no import. See *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994) ("substance, rather than nomenclature, governs pleadings"). Mershon did not respond to the supplemental brief. Under these circumstances, we conclude that AAA did seek summary judgment on all claims raised in the third-party complaint, including the fraud claim. Because Mershon did not come forward with any evidence of fraud, the trial court should have granted AAA's motion for summary judgment as to both claims asserted by Mershon.

*Judgment reversed. McMurray, P. J., and Andrews, P. J., concur.*

---

[2] Mershon does not argue, and the record does not indicate, that it was denied an opportunity to present evidence in support of its fraud claim or was not put on notice that AAA sought summary judgment on that claim.

DECIDED JULY 29, 1999.

*Dillard & Bower, Bryant H. Bower, Jr.*, for appellant.
*Charles D. Joyner*, for appellee.