A07A2246. TURNER et al. v. THE ATLANTA GIRLS' SCHOOL, INC.
(653 SE2d 380)

JOHNSON, Presiding Judge.

On February 28, 2004, Fred and Janie Turner signed a contract for their daughter to attend The Atlanta Girls' School during the 2004-2005 school year. The Turners made the required deposit of $1,823, and on March 26, 2004, the head of the school signed and accepted the contract enrolling the Turners' daughter for the coming academic year. Three weeks later, on April 16, 2004, the Turners

notified the school by letter that their daughter would not attend the school because she would be going to a different private school. The school requested payment of the year's full tuition from the Turners, but they refused the request. The school then sued the Turners for the unpaid tuition. The school moved for summary judgment, citing Paragraph 5 of the contract, which provides:

> I/We understand that the enrollment deposit is non-refundable. I/We understand that (save as otherwise provided herein) the obligation to pay the tuition for the full academic year is unconditional and that no portion of such fees whether paid or due will be refunded or cancelled in the event of absence, withdrawal, or dismissal. If enrollment is cancelled prior to July 1, 2004 as a consequence of the Student ceasing to be resident in the Metro Atlanta area by the greater of (i) the current distance between Student's residence and AGS and (ii) a 35 mile radius from the School's location, the liability for tuition is limited to the enrollment deposit provided that written notification of change of residency is received by AGS prior to July 1, 2003.

The trial court granted the motion for summary judgment, awarding the school the principal amount of $12,539, plus interest.

The Turners appeal from the grant of summary judgment to the school, arguing that Paragraph 5 of the contract is not a valid liquidated damages provision, but instead is an unenforceable penalty. We disagree and thus affirm the trial court.

"If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby."[1] A liquidated damages provision is enforceable if (1) the injury caused by the breach is difficult or impossible to estimate accurately, (2) the parties intended to provide for damages rather than a penalty, and (3) the stipulated sum is a reasonable estimate of the probable loss.[2]

The party who defaults on a contract has the burden of proving that a liquidated damages provision is an unenforceable penalty.[3] In the instant case, the Turners, as the defaulting party, have failed to meet this burden. First, they concede in their brief that it could be difficult to establish the exact amount of the school's injury from a

---

[1] OCGA § 13-6-7.

[2] *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 686 (1) (534 SE2d 145) (2000).

[3] *Caincare, Inc. v. Ellison*, 272 Ga. App. 190, 192 (1) (612 SE2d 47) (2005).

breach. Moreover, they have presented no evidence on this issue, whereas the school has presented evidence that at the time the contract was entered into it was difficult to estimate its damages due to a breach.[4] The school, which was not fully enrolled, operated at a fiscal loss, so each student's tuition was used to defray losses. When the contract was signed, the impact that one student's withdrawal would have on the overall financial condition of the school could not be accurately estimated since the final enrollment and final budget for the next school year was unknown.

As for the second requirement for a valid liquidated damages clause, we ascertain the intent of the parties by looking to the language of the contract.[5] "[W]hether a provision represents liquidated damages or a penalty does not depend upon the label the parties place on the payment but rather depends on the effect it was intended to have and whether it was reasonable."[6] While the enrollment contract here does not use the label "liquidated damages," the language used is that of a liquidated damages clause in that it clearly sets forth what the damages for a breach shall be.[7] Furthermore, the plain language of the contract does not provide for a penalty. Because the contract language evinces an intent to establish damages of a year's tuition for any withdrawal of a student other than one necessitated by the student no longer being a resident of metropolitan Atlanta, the second prong of the liquidated damages test is satisfied.

Likewise, the Turners have not shown that the estimate of the school's probable loss from a breach was unreasonable. The evidence shows that in the fall of 2003 the school created a preliminary budget, including enrollment projections, for the following school year. That preliminary budget, with a projected operating deficit of $928,407, was used to establish the year's tuition rate, staffing needs and teacher salaries. The withdrawal of a student would, absent the liquidated damages provision, result in a loss of the expected tuition and an increase in the school's deficit. Based on the evidence, the Turners are unable to meet their burden of showing that the contractual stipulation of one year's tuition as damages is a penalty because it is not a reasonable estimate of the school's probable loss for a breach.[8]

---

[4] See *Joyce's Submarine Sandwiches v. California &c. Retirement System*, 195 Ga. App. 748, 751 (2) (395 SE2d 257) (1990) (defaulting party presented no evidence on whether injury was difficult or impossible to estimate accurately and thus failed to meet its burden).

[5] *Swan Kang*, supra at 687 (1).

[6] *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 228 (227 SE2d 340) (1976).

[7] See *Valley Place v. T. I. Equity Fund*, 246 Ga. App. 378, 381 (2) (541 SE2d 37) (2000).

[8] See *Oasis Goodtime Emporium v. Cambridge Capital Group*, 234 Ga. App. 641, 645 (4) (507 SE2d 823) (1998).

"[T]o prevail at summary judgment under OCGA § 9-11-56 the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[9] Since the school has demonstrated that there is no genuine issue of material fact as to the enforceability of the liquidated damages provision, the trial court did not err in granting summary judgment to the school.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 29, 2007.

*Alexander, Royston, Hardman & Shinall, R. Phillip Shinall III,* for appellants.
*Stokes, Lazarus & Carmichael, William K. Carmichael, Rachel Humphrey,* for appellee.

---

[9] (Citation and punctuation omitted.) *AAA Truck Sales v. Mershon Tractor Co.*, 239 Ga. App. 469 (521 SE2d 403) (1999).