A08A1236. FUQUA CONSTRUCTION COMPANY, INC. et al.
v. PILLAR DEVELOPMENT, INC.
(667 SE2d 633)

SMITH, Presiding Judge.

Fuqua Construction Company, Inc. and Newman Homes, Inc. (collectively "FCC/NH") appeal from the trial court's order granting summary judgment to Pillar Development, Inc. ("Pillar") on the issue of liquidated damages. For reasons that follow, we affirm.

This is the second appeal arising from the parties' litigation. See *Pillar Dev. v. Fuqua Constr. Co.*, 284 Ga. App. 858 (645 SE2d 64) (2007). The underlying facts, as set forth in our prior opinion, demonstrate that Pillar and FCC/NH negotiated a real estate development deal through which Pillar agreed to sell FCC/NH 81 residential subdivision lots for $7,290,000. Pursuant to the sales agreement, FCC/NH made two earnest money payments totaling $150,000: $100,000 upon execution of the agreement, and $50,000 when Pillar recorded the subdivision plat.

FCC/NH ultimately refused to close the transaction, and Pillar retained the earnest money as liquidated damages under Section 10.3 of the sales agreement. That section provides:

> In the event of [FCC/NH's] failure to comply with or perform any of the covenants, agreements or other obligation, or default under this Agreement and fails to cure such problem within the period provided above, then [Pillar] shall either (a) retain the earnest money as full liquidated damages, then this Agreement shall, except as expressly set forth elsewhere herein, be null and void, and none of the parties hereto shall have any further rights or obligations hereunder (it is hereby agreed that, without resale, [Pillar's] damages will be difficult to ascertain and that the Earnest Money constitutes a reasonable liquidation thereof and is intended not as a penalty, but as full liquidated damages pursuant to Section 13-6-7 of the *Official Code of Georgia Annotated*); or (b) to pursue a decree of specific performance.

Asserting that it refused to close because Pillar violated the terms of the sales agreement, FCC/NH sued to recover its earnest money. Pillar denied any violation and counterclaimed, arguing that FCC/NH breached the agreement by not closing, thus authorizing it to retain the earnest money as liquidated damages. The parties filed cross-motions for summary judgment, and the trial court granted summary judgment to FCC/NH. See *Pillar Dev.*, supra, 284 Ga. App. at 858.

We reversed that ruling on appeal after finding that FCC/NH failed to comply with the sales agreement's written notice requirement for claims of breach. *Pillar Dev.*, supra, 284 Ga. App. at 861-862. We also determined that Pillar, which had followed the notice requirement, was entitled to summary judgment on its claim that FCC/NH breached the sales agreement by refusing to close. Id. at 862. Nevertheless, because the trial court had not addressed the enforceability of the liquidated damages provision, we remanded the case, directing the trial court to determine whether the earnest money constituted a reasonable estimate of damages or an unenforceable penalty. Id.

On remand, the trial court found the liquidated damages clause reasonable and enforceable. It therefore granted summary judgment to Pillar, concluding that Pillar could keep the earnest money as damages for FCC/NH's breach. This appeal followed.

"If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby." (Citation, punctuation and footnote omitted.) *Turner v. The Atlanta Girls' School*, 288 Ga. App. 115, 116 (653 SE2d 380) (2007). Before enforcing a liquidated damages clause, however, a trial court must determine whether the provision is, in fact, an enforceable pre-estimation of damages or an unenforceable penalty. Although this determination necessarily involves some fact-finding by the trial court, it ultimately presents a question of law. See *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809, n. 1 (375 SE2d 222) (1989).

In *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227 (227 SE2d 340) (1976), our Supreme Court developed a three-part test for analyzing liquidated damages provisions. As explained by that court: "First, the injury caused by the breach must be difficult or impossible of accurate estimation; second, the parties must intend to provide for damages rather than for a penalty; and third, the sum stipulated must be a reasonable pre-estimate of the probable loss." (Citations and punctuation omitted.) Id. at 230. A liquidated dam-

YALE LAW LIBRARY

ages clause is enforceable only if it meets each of these requirements. *Caincare, Inc. v. Ellison*, 272 Ga. App. 190, 192 (1) (612 SE2d 47) (2005).

FCC/NH contends that the liquidated damages clause in Section 10.3 of the sales agreement fails the *Southeastern* test. It argues that because the parties did not try to estimate the damages that might flow from a breach, the record contains no evidence that these damages were difficult or impossible to ascertain. It also claims that the parties never intended for the clause to provide for damages. Finally, FCC/NH argues that the earnest money amount — which increased from $100,000 to $150,000 over time — was not a reasonable pre-estimate of the probable loss.

As noted by the trial court, however, the parties to the sales contract were experienced real estate developers and residential home builders who explicitly agreed that "without resale, [Pillar's] damages will be difficult to ascertain and that the Earnest Money constitutes a reasonable liquidation thereof and is intended not as a penalty, but as full liquidated damages." Although FCC/NH encourages us to ignore this language as mere "boiler plate," we have no basis to do so. Nothing indicates that the transaction was one-sided or not at arms-length, and FCC/NH's complaint that Pillar unilaterally foisted the language into the deal rings hollow.

Simply put, the contract language demonstrates that the parties intended Section 10.3 to constitute liquidated damages — not a penalty. See *Liberty Life Ins.*, supra, 258 Ga. at 809; *Turner*, supra, 288 Ga. App. at 117; *Caincare*, supra; see also *Daniels v. Johnson*, 191 Ga. App. 70, 72 (1) (381 SE2d 87) (1989) ("'[W]hile the words used in the provision are by no means conclusive [cit.], they are a critical factor in determining the intent of the parties." [Cit.]). The parties also agreed that the financial harm resulting from a breach would be difficult to estimate accurately. Given the constantly changing conditions in the real estate market, this conclusion was reasonable. See *Liberty Life Ins.*, supra.

Although FCC/NH argues that the parties did not "even attempt to determine the difficulty of calculating damages," their express agreement in the contract reveals otherwise. Compare *Roswell Properties v. Salle*, 208 Ga. App. 202, 206 (3) (c) (430 SE2d 404) (1993) (liquidated damages provision not enforceable because, among other things, there was "no indication any effort was made to determine" whether damages could be accurately estimated), disapproved on other grounds by *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 233-234 (2) (547 SE2d 637) (2001), aff'd, 275 Ga. 145 (563 SE2d 116) (2002). We agree with the trial court, therefore, that the liquidated damages clause meets the first two requirements of the *Southeastern* test.

On appeal, FCC/NH focuses extensively on the third *Southeastern* factor, which demands that the liquidated amount be a reasonable pre-estimate of the probable loss. The plain language of Section 10.3 shows the parties' agreement that the earnest money paid under the contract was a reasonable damages estimation. Despite this agreement, FCC/NH argues that, particularly given the two earnest money payments, the deposit functioned as a default deterrent, rather than a pre-estimate of damages.

As FCC/NH notes, "[w]here a designated sum is inserted into a contract for the purpose of deterring one or both of the parties from breaching it, it is a penalty." (Citation and punctuation omitted.) *Caincave*, supra, 272 Ga. App. at 193 (1). FCC/NH, however, has cited no authority for the proposition that earnest money paid in installments is necessarily a penalty. It merely argues that "[t]he only logical conclusion that can be drawn from the fact that the earnest money, per the terms of the Agreement, was to increase over time is that Pillar wanted to ensure performance by FCC/NH by increasing its monetary stake in the project."

We disagree. Certainly, parties can pre-estimate that damages will increase over time, and we see no reason why they cannot agree to split a pre-estimated damage sum into installments. See, e.g., *Joyce's Submarine Sandwiches v. California Public Employees' Retirement System*, 195 Ga. App. 748, 750-751 (2) (395 SE2d 257) (1990) (clause in lease agreement, requiring $50 payment for every day business in leased premises remained closed, constituted liquidated damages, rather than a penalty). Moreover, the $150,000 payment was a mere 2.06 percent of the overall transaction price. As we found in *Oran v. Canada Life Assurance Co.*, 194 Ga. App. 518, 521 (2) (390 SE2d 879) (1990), a liquidated damages clause involving such a small percentage of the total sales price in a real estate contract is generally "reasonable and enforceable as a matter of law."[1] See also *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 687 (1) (534 SE2d 145) (2000) (absent contrary evidence, earnest money payment equal to approximately two percent of real estate purchase price is reasonable).

Through unambiguous contract language, the parties agreed that the damages caused by a breach would be difficult to estimate, that the earnest money constituted full liquidated damages, rather than a penalty, and that those damages were reasonable. FCC/NH now argues, based on affidavits filed in support of its summary

---

[1] On appeal, FCC/NH seeks to discount *Oran* by arguing that it failed to apply the three-part *Southeastern* test. The *Oran* opinion, however, explicitly discusses the *Southeastern* requirements. See 194 Ga. App. at 520 (2).

judgment motion, that it reached no such agreement, but those affidavits cannot alter the plain contract terms. See *Laseter v. Brown*, 251 Ga. 179, 180 (1) (304 SE2d 72) (1983) (parol evidence cannot be used to contradict unambiguous contract terms); *Roswell Properties*, supra, 208 Ga. App. at 205 (3) (c) (whether contract provides for liquidated damages or penalty "should be decided as a matter of law, unless after applying the rules of contract construction, an ambiguity remains warranting submitting a factual issue to the jury" [cit.]).

Given the parties' explicit agreement, as well as the amount of earnest money at issue, the trial court properly found the liquidated damages clause in the sales contract reasonable and enforceable as a matter of law. Accordingly, it properly granted summary judgment to Pillar and denied FCC/NH's motion for summary judgment. See *Turner*, supra, 288 Ga. App. at 118 (summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED AUGUST 28, 2008 — 

*Alan L. Newman*, for appellants.

*Hancock, Dempsey & Everett, Jack R. Hancock, Merritt & Tenney, William H. McLean IV, Foltz Martin, Halsey G. Knapp, Jr.,* for appellee.