## A09A0560. H.N. REAL ESTATE GROUP, LLC v. DIXON.

(679 SE2d 130)

MILLER, Chief Judge.

H.N. Real Estate Group, LLC ("HN") filed suit against Walter Dixon and Crystal Styles to recover real estate commissions owed under a purchase and sale agreement for real property. HN appeals from the trial court's order denying its motion for default judgment against Dixon, arguing that it was entitled to a default judgment as a matter of law. Since Dixon failed to move to open the default, we agree and reverse.

On appeal, we review a trial court's order denying a motion for default judgment for an abuse of discretion. *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816 (640 SE2d 343) (2006).

The record shows that on October 5, 2005, Dixon and Styles entered into an agreement with Linda Kellogg to purchase her house in Stone Mountain, under which HN was the listing broker and Re/Max Metro Atlanta was the selling broker. The contract provided that if the sale did not close as a result of either the buyers' and/or the seller's failure to perform its obligations under the agreement, the nonperforming party would pay the brokers the full commission they would have received had the sale closed. The amount of HN's commission in the event of a sale would have been $25,000. After a dispute arose between the parties as to the deadline for the removal of the inspection contingency in the contract, the sale did not close, and HN filed suit to recover its commission from the buyers.

HN served Dixon and Styles with the summons and complaint by sheriff's service on June 6, 2006; however, Dixon and Styles subsequently filed a motion to quash or dismiss for insufficient service of process, contending that they were out of the state on the date of service. On November 30, 2006, HN re-served Dixon and Styles with the summons and complaint via a process server. Although Dixon filed a motion to disqualify, which the trial court denied, he never filed an answer or any other defensive pleadings in response to the complaint. As a result, his case was automatically in default on January 1, 2007, as the time for filing the answer had not been extended. OCGA § 9-11-55 (a). Dixon also failed to file a motion to open the default or pay costs to open the default. Styles, on the other hand, filed an answer, counterclaim and cross-claim, and later moved for summary judgment against HN. HN also moved for summary judgment against Styles. The trial court granted summary judgment to HN on Styles' counterclaim for fraud, granted summary judgment to Styles on HN's breach of contract claim, and denied attorney fees to both HN and Styles.

On January 29, 2008, more than 45 days after service upon Dixon, HN filed a motion for default judgment, accompanied by an

affidavit from its counsel, certifying the date and type of service effected against Dixon and the absence of any defensive pleading. See Uniform Superior Court Rule 15 ("The party seeking entry of a default judgment in any action shall certify to the court the date and type of service effected and that no defensive pleading has been filed by the defendant as shown by court records. This certificate shall be in writing and must be attached to the proposed default judgment. . . ."). Dixon filed no response to the motion, and thereafter, the trial court entered an order denying HN's motion for default judgment without a hearing. Since the default order was not served on the parties, the trial court vacated the order and re-filed its final order on September 16, 2008. By its order denying default judgment, the trial court reiterated its earlier finding in its order on HN's and Styles' cross-motions for summary judgment that "Styles did not breach the contract as a matter of law." Further, concluding that Styles and Dixon held the same position under the contract factually and legally, the trial court found that Dixon did not breach the contract as a matter of law, and on that basis, it denied the motion for default judgment against him.

HN argues that it was entitled to a default judgment as a matter of law. We agree.

"A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." OCGA § 9-11-12 (a). OCGA § 9-11-55 (a) provides that if an answer has not been filed within the time required by law,

> the case *shall* automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury. . . .

(Emphasis supplied.)

The trial court's factual findings regarding Styles' lack of contractual liability were irrelevant to the issue of whether HN was entitled to default judgment as a matter of law where, as here, the case was in default as of January 1, 2007, and certainly after the expiration of the subsequent 15-day period within which a default

may be opened as a matter of right. OCGA § 9-11-55 (a). Dixon did not move to open the default within the statutory time period;[1] therefore, HN was entitled to verdict and judgment in its favor in the sum of $25,000, "as if every item and paragraph of the complaint . . . were supported by proper evidence, without the intervention of a jury . . . ," because this was a case involving liquidated damages. OCGA § 9-11-55 (a); see *Lewis v. Waller*, 282 Ga. App. 8, 9 (1) (a) (637 SE2d 505) (2006) (trial court erred in failing to grant Lewis' motion for entry of a default judgment where defendant failed to timely file an answer or other responsive pleading and did not seek to open the default); see also *Fuqua Constr. Co. v. Pillar Dev.*, 293 Ga. App. 462, 463 (667 SE2d 633) (2008) ("[i]f the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated . . .") (citation, punctuation and footnote omitted). Since the default "concludes [Dixon's] liability, and estops him from offering any defenses which would defeat the right of recovery[,]" the trial court was not authorized to review and rule upon the merits of HN's claim. (Citations and punctuation omitted.) *Mitchell v. GilWil Group, Inc.*, 261 Ga. App. 882, 883 (1) (583 SE2d 911) (2003). Under the circumstances, the trial court abused its discretion in denying HN's motion for default judgment. *Edenfield & Cox*, supra, 282 Ga. App. at 816.

Based on the foregoing, we reverse the trial court's order denying HN's motion for default judgment.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 26, 2009.

*Dickenson Gilroy, Tania T. Trumble*, for appellant.
*Ayoub & Mansour, John A. Ayoub*, for appellee.

---

[1] OCGA § 9-11-55 (b) provides that

[a]t any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.