**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**October 15, 2020**

# In the Court of Appeals of Georgia

A20A0940. COASTAL CREDIT, LLC v. HOWARD.
A20A0941. COASTAL CREDIT, LLC. v. MAINER.

GOBEIL, Judge.

Coastal Credit, LLC has appealed from final judgments entered in favor of Renee Howard and Gregory Mainer, borrowers on vehicle loans who were both in default for failing to answer complaints filed by Coastal Credit to collect on the debts owed. Because we agree with Coastal Credit that the trial court erred in failing to grant default judgments to Coastal Credit, we reverse the trial court's judgments in both of these cases. *Case No. A20A0940*[1]

---

[1] Howard did not file an Appellee brief in this case, therefore, we accept as true Coastal Credit's statement of facts. Court of Appeals Rule 25 (b) (1) ("Except as controverted, appellant's statement of facts may be accepted by this Court as true.").

On August 31, 2012, Howard applied for and received an $18,000 loan from Southern Motors of Savannah, Inc., for the purchase of a vehicle. She co-signed a "Retail Installment Sale Contract, Simple Finance Charge" document, which outlined the terms of repayment and assigned the loan to Coastal Credit. Howard breached this contract by failing to make payments as required, and the note was placed in default. The vehicle was repossessed and sold at auction for $6,700, and the auction proceeds were applied to the loan balance.

Thereafter, on March 20, 2019, Coastal Credit filed a complaint against Howard for the deficiency owed under the note. Specifically, Coastal Credit sought a total of $14,404.16, consisting of $8,570.99 in principal, $116.40 in late and collection fees, and $5,716.77 in pre-judgment interest, with interest continuing to accrue at the rate of 15.25 percent per annum. Coastal Credit also sought attorney fees in the amount of 15 percent of the principal and interest to be collected. The complaint gave notice of Coastal Credit's intention to rely on business records, and attached a business records affidavit along with the relevant records showing the basis of the debt, as well as providing the numbers that would allow for calculation of the amount owed.

Howard was served with the summons and complaint on March 22, 2019, but did not file an answer. Coastal Credit moved for default judgment. Rather than enter a default judgment, the trial court set the case down for a damages hearing on July 29, 2019. Coastal Credit and Howard appeared at the hearing to prove damages. Howard did not contest signing the note, but explained that the car had belonged to her ex-husband and she did not have the money to pay the deficiency on the note. Coastal Credit informed the court it was relying on the business records affidavit and the records attached to the complaint to prove its damages.

On August 2, 2019, the trial court issued its final judgment in favor of Howard. Noting first that Howard was indeed in default and had not contested the complaint or the amount of damages pled by Coastal Credit, the trial court nonetheless concluded that "because the vehicle in this case was repossessed pursuant to the security agreement in the contract, and because the resale price was credited to the debt under the agreement, the damages are unliquidated." Next, the court found it "not necessarily . . . appropriate for [Coastal Credit] to simply rely on the record . . . in order to prove its case." The court found that Coastal Credit fell "short of the burden of proof . . . to establish that the vehicle was sold in a commercially reasonable value and/or for a reasonable amount." Thus, Coastal Credit was "not

3

entitled to recover any amounts on the contract deficiency against [Howard]." This appeal followed. *Case No. A20A0941*[2]

On January 29, 2014, Mainer applied for and received a $15,595 loan from Team Vaden Imports, for the purchase of a vehicle. He signed a "Retail Installment Sale Contract, Simple Finance Charge" document, which outlined the terms of repayment and assigned the loan to Coastal Credit. Mainer breached this contract by failing to make payments as required, and the note was placed in default. The vehicle was repossessed and sold at auction for $2,800, and the auction proceeds were applied to the loan balance.

Thereafter, on January 14, 2019, Coastal Credit filed a complaint against Mainer for the deficiency owed under the note. Specifically, Coastal Credit sought a total of $18, 974.36, consisting of $14,327.85 in principal, $345.78 in late and collection fees, and $4,300.73 in pre-judgment interest, with interest continuing to accrue at the rate of 18.9 percent per annum. Coastal Credit also sought attorney fees in the amount of 15 percent of the principal and interest to be collected. The complaint gave notice of Coastal Credit's intention to rely on business records, and

---

[2] Mainer also did not file a brief in this case, and we again accept Coastal Credit's statement of facts as true. Court of Appeals Rule 25 (b) (1).

4

attached a business records affidavit along with the relevant records showing the basis of the debt, as well as providing the numbers that would allow for calculation of the amount owed.

Mainer was served with the summons and complaint on March 26, 2019, but did not file an answer. Coastal Credit moved for default judgment. Rather than enter a default judgment, the trial court set the case down for a damages hearing on July 29, 2019. Coastal Credit appeared at the hearing to prove damages, but Mainer did not appear. Coastal Credit informed the court it was relying on the business records affidavit and the records attached to the complaint to prove its damages.

On August 2, 2019, the trial court issued its final judgment in favor of Mainer. Noting first that Mainer was indeed in default and had not contested the complaint or the amount of damages pled by Coastal Credit, the trial court nonetheless concluded that "because the vehicle in this case was repossessed pursuant to the security agreement in the contract, and because the resale price was credited to the debt under the agreement, the damages are unliquidated." Next, the court found it "not necessarily . . . appropriate for [Coastal Credit] to simply rely on the record . . . in order to prove its case." The court found that Coastal Credit fell "short of the burden of proof . . . to establish that the vehicle was sold in a commercially

5

reasonable value and/or for a reasonable amount." Thus, Coastal Credit was "not entitled to recover any amounts on the contract deficiency against [Mainer]." This appeal followed.

1. Coastal Credit has raised identical enumerations of error in both appeals. First, Coastal Credit asserts that the trial court erred by finding that it was Coastal Credit's obligation to affirmatively prove the commercial reasonableness of the vehicle sales, as the defendants' default in his or her respective action foreclosed any defenses to liability. We agree.

Pursuant to OCGA § 9-11-55 (a), when a defendant fails to file an answer, the case goes into default, and "the plaintiff at any time [after 15 days after default] shall be entitled to verdict and judgment by default . . . as if every item and paragraph of the complaint or other original pleading were supported by proper evidence[.]" "On appeal, we review a trial court's order denying a motion for default judgment for an abuse of discretion." *H. N. Real Estate Group, LLC v. Dixon*, 298 Ga. App. 124, 124 (679 SE2d 130) (2009).

Here, there is no dispute that Howard and Mainer were both in default for failing to file an answer to their respective complaint, and neither defendant sought

6

to open the default within 15 days. As defaulting defendants, Howard and Mainer were each in a position as having admitted each and every material allegation of the complaint against them, and they were estopped "from offering any defenses which would defeat the right of recovery." *Azarat Mktg. Group, Inc. v. Dept. of Admin. Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000) (citation and punctuation omitted). Specifically, the defense of a lack of a commercially reasonable sale of collateral is an absolute defense to liability in actions seeking to recover on a deficiency judgment. *Clay v. Presidential Financial Corp.*, 175 Ga. App. 226, 227-228 (1) (332 SE2d 924) (1985), overruled on other grounds by *Branan v. Equico Lessors, Inc.*, 255 Ga. 718 (342 SE2d 671) (1986). It follows that where, as here, a defendant is in default, such defense is unavailable to him or her. Id. (defense of a lack of commercially reasonable sale is unavailable to a defendant in default). Thus, the trial court erred in putting forward a defense on Howard's and Mainer's behalf that was unavailable to her or him as a defendant in default and by requiring Coastal Credit to prove the reasonableness of the sales of the vehicles. See *H. N. Real Estate Group*, 298 Ga. App. at 126 (because the default concluded defendant's liability, and estopped him from offering any defenses that would defeat the right of recovery, "the trial court was not authorized to review and rule upon the merits of [defendant's

7

liability]"). Under these circumstances, the trial court abused its discretion in both cases by failing to enter default judgments against Howard and Mainer.

2. Coastal Credit also asserts that the trial court erred in its conclusion that the subtraction of the auction proceeds from the amount owed by Howard and Mainer on their respective loans rendered the damages unliquidated and thus required Coastal Credit to prove damages. We again agree.

Under the default judgment statute, when a defendant is in default, a plaintiff "shall be entitled to a verdict or judgment . . . as if every item and paragraph of the complaint or other original pleading were supported by proper evidence . . . unless the action is one ex delicto or involves unliquidated damages[.]" OCGA § 9-11-55 (a). In that instance, a plaintiff is required to introduce evidence on damages, and the defendant may present evidence to refute them. Id. Where an "appeal involves questions of law concerning the nature of damages in [Coastal Credit's] complaint and the trial court's [non]entry of default judgment for liquidated damages, this Court must review the record de novo and apply a plain legal error standard of review." *Paris v. E. Michael Ruberti, LLC*, __ Ga. App. __ (845 SE2d 720) (2020) (citation and punctuation omitted).

8

As explained above, Howard's and Mainer's default status and liability were not in dispute. The only issue is whether the damages pled by Coastal Credit were liquidated, which would entitle them to an entry of judgment without further proof of damages. "(D)amages are liquidated when they are an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing." *Miller v. Lynch*, 351 Ga. App. 361, 371 (4) (830 SE2d 749) (2019) (citation and punctuation omitted). Liquidated damages "must be ascertainable from the pleadings." *Carter v. Ravenwood Dev. Co.*, 249 Ga. App. 603, 605 (2) (549 SE2d 402) (2001).

Here, the amounts owed by Howard and Mainer were clearly ascertainable from the exhibits attached to the complaint,[3] specifically (1) the loan agreements/notes that specified the amounts borrowed, the interest rates, and fees

---

[3] Although the trial court found it inappropriate for Coastal Credit to rely upon business records as opposed to live testimony to support its calculation of damages in the complaint, the court did not provide legal support for such a conclusion. Indeed, a party seeking liquidated damages must provide the court with such documents to state its basis for calculating such damages. See *Kitchen Intl. Inc. v. Evans Cabinet Corp.*, 310 Ga. App. 648, 653 (2) (714 SE2d 139) (2011) ("For the court to conclude upon default that damages are liquidated and dispense with an evidentiary hearing on damages, the plaintiff must have alleged facts sufficient to show how the amount of damages claimed was calculated, or the plaintiff *must attach to his complaint the relevant contract, invoices, or other documents demonstrating that the plaintiff is due the amount claimed*.") (emphasis supplied).

(including attorney fees) agreed upon by the parties; (2) the ledgers showing payments made on the notes and how such payments were applied; and (3) the letters showing the proceeds from the auctions. Contrary to the trial court's conclusion, reducing the amount owed by Howard and Mainer based on the auction proceeds did not render the damages unliquidated in either case. See *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253, 255 (2) (342 SE2d 694) (1986) (applying a credit to an amount owed only reduces the net balance on the liquidated claim; it does not render the claim unliquidated).

Thus, the trial court erred in concluding that the damages were unliquidated in Coastal Credit's complaints against Howard and Mainer. Coastal Credit was entitled to "verdict and judgment by default . . . as if every item and paragraph of the complaint or other pleadings were supported by proper evidence[.]" OCGA § 9-11-55 (a). We therefore reverse the orders of the court granting judgments to Howard and Mainer, and remand the cases for the trial court to enter judgments in favor of Coastal Credit.

*Judgments reversed and cases remanded. Barnes, P. J., and Pipkin, J., concur*.